UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
MARK SPENCER,                               )
                                            )
       Plaintiff,                         )
                                            )
v.                                          )  Civil Action No. 1:12-cv-10040
                                            )
JPMORGAN CHASE BANK, N.A.,[1]               )
                                            )
       Defendant.                         )
_____)

## NOTICE OF REMOVAL

TO:   The Honorable Judges of the United States District Court for the District of Massachusetts

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332 *et seq.*, and 28 U.S.C. § 1441 *et seq.*, JPMorgan Chase Bank, National Association, as successor by merger to defendant Chase Home Finance LLC ("Chase") hereby removes the above-captioned matter now pending in the Superior Court of Middlesex County, Commonwealth of Massachusetts and styled *Mark Spencer v. Chase Home Finance, LLC; Civil Action No. MICV2011-04276* (the "State court action") to the United States District Court for the District of Massachusetts, by filing this notice of removal with the Clerk of this Court.  In support of this notice of removal, Chase asserts the following facts:

---

[1]    As of May 1, 2011 Chase Home Finance LLC merged with JPMorgan Chase Bank, N.A., and Chase Home Finance LLC no longer exists as a separate entity.  The proper defendant in this action will be referred to as JPMorgan Chase Bank, National Association, as successor by merger to Chase Home Finance LLC.

1. On or about December 2, 2011, plaintiff Mark Spencer ("Spencer") filed the State court action. In his Complaint Spencer alleges, *inter alia*, a violation of state law, *viz*. G.L. c. 93A, and ultimately purports that this violation of the Massachusetts Consumer Protection statute has resulted in severe damage to his credit rating. Compl. at ¶ 14.

2. Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of the executed Waiver of Service of Summons, Civil Action Cover Sheet, and Complaint (the "initial pleadings") are attached to this notice as Exhibit 1. Chase waived service of a summons in the State court action on January 6, 2012. The initial pleadings attached as Exhibit 1 constitute the process, pleadings, and orders served upon Chase in the State court action.

3. Also attached to this notice of removal and filed herewith is a civil cover sheet (JS 44) and a category form.

4. This notice of removal is filed within thirty (30) days after the initial pleadings were served on Chase and therefore is timely filed pursuant to 28 U.S.C. § 1446(b). *See Murphy Bros. Inc. v. Michetti Pipe Stringing Inc.*, 526 U.S. 344 (1999)(notice of removal of a civil action or proceeding shall be filed with thirty days after the receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based).

5. As per the requirements imposed by 28 U.S.C. § 1446(d), subsequent to the filing of the instant notice of removal, written notice will be furnished punctually to the Clerk of the Superior Court of Middlesex County by virtue of filing a certified copy of this notice along with a notice of filing of a notice of removal in the State court action and addressed to the adverse party.

6.      In accordance with Local Rule 81.1 of the United States District Court for the District of Massachusetts, within twenty-eight (28) days after filing this notice of removal Chase will file in this Court certified copies of all records and proceedings from the State court action and all docket entries from the State court action.

### JURISDICTION EXISTS UNDER 28 U.S.C. § 1331, 28 U.S.C. § 1332 AND 28 U.S.C. § 1441

7.      Removal of the State court action to this court is suitable pursuant to 28 U.S.C. § 1332 *et seq*. because, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs… ."  Spencer is an individual who resides at 55 Brookline Street, Newton, Middlesex County, Massachusetts. Compl. at ¶ 1.  The proper defendant, Chase, is a foreign corporation duly organized under the laws of the State of Delaware with a usual place of business located at 950 Third Avenue, New York, New York.  The amount in controversy in the State court action exceeds the jurisdictional threshold because Spencer is alleging $150,000.00 in monetary damages. *See Civil Action Cover Sheet at Exhibit 1*.  As such, this Court has original subject matter jurisdiction over the State court action insofar as complete diversity of citizenship exists.

8.      In addition, this Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 because Spencer has claimed damage to his credit, and his right to relief necessarily depends upon a substantial question of a federal law, to wit, the Fair Credit Reporting Act, codified at 15 U.S.C. § 1681 *et seq*.

9.      Evidently, removal of the State court action is appropriate pursuant to the provisions of 28 U.S.C. § 1441(b) inasmuch as, "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the

3

Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties… ."

10. Further, Spencer brings a count for violation of M.G.L. ch. 93A contending that Chase falsely represented a binding written agreement concerning forgiveness of his mortgage debt.

11. As a consequence of the preceding allegations, this Court has original jurisdiction under 28 U.S.C. § 1441(c) since, "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by this section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all of the issues therein… ."

12. Lastly, removal of the State court action by Chase pursuant to the provisions of 28 U.S.C. § 1441(a) is appropriate insofar as, "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States embracing the place where such action is pending."

**WHEREFORE**, JPMorgan Chase Bank, National Association, as successor by merger to Chase Home Finance LLC, respectfully requests that the State court action now pending against it in the Middlesex County Superior Court be removed therefrom, and prays that this Court take jurisdiction to the exclusion of any further proceedings in said State court.

Respectfully submitted,

JPMORGAN CHASE BANK, N.A.
By its Attorneys,

Dated: January 6, 2012             /s/ Edward P. O'Leary_____
                                   Edward P. O'Leary, BBO #551932
                                   eoleary@fitzhughlaw.com
                                   Fitzhugh & Mariani LLP
                                   155 Federal Street
                                   Boston, MA  02110
                                   (617) 695-2330

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 6, 2012.

                                   /s/ *Edward P. O'Leary*_____
                                   Edward P. O'Leary