COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.  SUPERIOR COURT DEPARTMENT
CIVIL ACTION NUMBER: 11-4276

MARK SPENCER,

    Plaintiff,

v.

CHASE HOME FINANCE, LLC,

    Defendant.

## WAIVER OF SERVICE OF SUMMONS

TO:    Timothy Wilton, Esq.

    I hereby acknowledge receipt of your request that Chase Home Finance, LLC waive service of a summons in this action along with a copy of the complaint. The entity I represent, JPMorgan Chase Bank, National Association, as successor by merger to defendant Chase Home Finance LLC ("Chase") agrees to save the cost of service of a summons and complaint in this case.

    In consenting to accept service of the complaint Chase is not agreeing to waive any defenses or objections to this lawsuit, the court's jurisdiction or venue, but it waives any objections to the absence of a summons or of service. Put another way, Chase will retain all defenses or objections to this matter or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    Chase also understands that it must file and serve an answer or a motion to dismiss under Rule 12 within the time set forth in the Rules of Civil Procedure. In the event Chase fails to do so, a default judgment will be entered against Chase.

Date: January 6, 2012

                                             Edward P. O'Leary
                                             As Attorney for the Defendant
                                             Chase Home Finance, LLC

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF | HAMSPHIRE | DOCKET NO. 11-1276 |
|---|---|---|---|

| PLAINTIFF(S) Mark Spencer | DEFENDANT(S) Chase Home Finance, LLC |
|---|---|

| Type Plaintiff's Attorney name, Address, City/State/Zip Phone Number and BBO# | Type Defendant's Attorney Name, Address, City/State/Zip Phone Number (If Known) |
|---|---|
| Timothy Wilton, Esq., BBO#530120<br>KJC Law Firm LLC<br>18 Tremont Street, Suite 903<br>Boston, MA 02108 | |

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 Other (specify) | Contract/93A - Fast Track | F | [●] Yes  [ ] No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses                                    $_____
  2. Total doctor expenses                                      $_____
  3. Total chiropractic expenses                                $_____
  4. Total physical therapy expenses                            $_____
  5. Total other expenses (describe)                            $_____
                                                     Subtotal   $_____
B. Documented lost wages and compensation to date               $_____
C. Documented property damages to date                          $_____
D. Reasonably anticipated future medical expenses               $_____
E. Reasonably anticipated lost wages and compensation to date   $_____
F. Other documented items of damages (describe)                 $_____

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
                                                                $_____

                                                         Total $_____

*[FILED stamp: IN THE OFFICE OF THE CLERK OF COURTS FOR THE COUNTY OF MIDDLESEX DEC 0 2 2011, CLERK]*

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

| Breach of agreement to forgive the balance due on plaintiff's debt and to report it as forgiven constituting a knowing and willful violation of G. L. c. 93A resulting in damage to the plaintiff's credit rating, emotional distress and attorneys' fees. | $150,000 |
|---|---|
| | TOTAL  $........... |

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____     Date: 12/1/11

A.O.S.C. 3-2007

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO: 11-4276

MARK SPENCER
*Plaintiff*

vs.

CHASE HOME FINANCE, LLC
*Defendant*

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX
DEC 02 2011
CLERK

```
4147E000012/02/11CIVIL        240.00
4147E000012/02/11SURCHARGE     15.00
4147E000012/02/11SUMMONS        5.00
4147E000012/02/11SECC          20.00
```

## COMPLAINT

1. The plaintiff, Mark Spencer, resides at 55 Brookline Street, Newton, Middlesex County, Massachusetts.

2. The defendant, Chase Home Finance, LLC, is a Delaware LLC, with a principal place of business at 3415 Vision Drive, Columbus, Franklin County, Ohio.

3. In or around March 2010, Mr. Spencer owed Chase Home Finance, LLC ("Chase") in excess of $31,000 on account number 100002449258409902, secured by a second mortgage on his principal residence and the land on which it was located at 49 Lawrence Street, Framingham, MA 01702.

4. Mr. Spencer had not made payments on that loan since the fall of 2008.

5. In or around March 2010, Mr. Spencer arranged for a "short sale" of his residence and the land on which it was located.

6. On or around March 16, 2010, in order to facilitate the sale, and in order to collect part of the debt, Chase sent Mr. Spencer two letters containing alternative offers.

7. In the first letter, Chase offered to "release its security interest(s) in the…property" in return for payment by Mr. Spencer to Chase of $3,000. That letter stated "The amount paid to Chase is for the release of Chase's security interest(s) only, and the Borrower is still responsible for all deficiency balances remaining on the Loan, per the terms of the original loan documents." That letter also stated: "Chase Home Finance LLC is attempting to collect a debt, and any information obtained will be used for that purpose." That letter also stated: "We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report."

8. In the second letter, Chase offered to "release the lien ("the Lien") on the Property AND forgive any deficiency" remaining on the loan in return for payment by Mr. Spencer to Chase of $5,000. The second letter also stated: "This is an attempt to collect a debt. Any information obtained will be used for that purpose." The second letter did <u>not</u> contain any language similar to that in the first letter stating that Chase may report information about the account to credit bureaus, or that late payments, missed payments, or other defaults on the account may be reflected in Mr. Spencer's credit report.

9. The offers had an acceptance deadline of March 31, 2010.

10. On March 31, 2010, Mr. Spencer accepted the second offer, transmitting the requested paperwork and $5,000 to Chase, and in so doing fully performed his obligation under the contract.

11. Contrary to the promise it made in the second letter, Chase did not forgive the balance due on the debt. Rather, it referred the account to a debt collection agency, and shortly after July 23, 2010, Mr. Spencer received a letter demanding payment of a purported balance due of $26,394.02.

12. In addition, Chase reported the debt as "charged off" to the three major credit reporting agencies, Equifax, Experian, and TransUnion, rather than as "forgiven," "discharged," or "settled for less than the full balance."

13. "Charged off" is an accounting term in which the debt is moved on the creditor's books for accounting and tax purposes, but the debtor continues to be obligated on the debt and the creditor may continue to pursue collection efforts.

14. These actions have severely damaged Mr. Spencer's credit, have resulted in severe adjustments to his life, have caused him to transact business through money orders rather than establish a checking account for fear that Chase will attach the account, and have caused him significant emotional distress.

15. Mr. Spencer's attorneys contacted Chase's collection agency in an attempt to get Chase to honor its agreement, but Chase did not respond. As a result, Mr. Spencer has been forced to incur substantial attorney's fees.

<u>COUNT I</u>
<u>BREACH OF CONTRACT</u>

16. The plaintiff repeats and incorporates herein the aforementioned paragraphs as if each were set forth here in its entirety.

17. In consideration for the plaintiff's agreement to pay $5,000, the defendant agreed to forgive the balance due on plaintiff's debt.

18. The written agreement constituted an express contract.

19. The plaintiff performed in accordance with the agreement.

20. The defendant breached its agreement when it failed to forgive the balance due on the debt, when it referred the account to a debt collection agency and further, when it reported the debt to credit reporting agencies as "charged off."

21. As a direct and proximate result of the defendant's material breach, the plaintiff suffered damages.

WHEREFORE, the plaintiff demands judgment against the defendant for the above-described damages, equitable relief to correct the listing in the credit reports, costs, and attorneys' fees.

### COUNT II
### VIOLATION OF G.L. c. 93A

22. The plaintiff repeats and incorporates herein the aforementioned paragraphs as if each were set forth here in its entirety.

23. The defendant induced the plaintiff to pay the defendant $5,000 by falsely representing that the defendant would forgive the balance due on plaintiff's debt.

24. Inducing the plaintiff to pay the defendant $5,000 by falsely representing that the defendant would forgive the balance due on plaintiff's debt is an unfair or deceptive and illegal act in violation of G.L. c. 93A.

25. On March 9, 2011, the plaintiff served upon the defendant a Demand Letter setting forth the facts of the plaintiff's claim and a demand for relief in accordance with the requirements of G.L. c. 93A § 9 (See attachment A).

26. To date, the defendant has made no offer of settlement in response to that Demand Letter.

27. As a direct and proximate result of the defendant's illegal acts, the plaintiff suffered harm, including but not limited to loss of monies and emotional distress.

28. The defendant's acts were knowing and willful violations of G. L. c. 93A for which the plaintiff is entitled to multiple damages.

WHEREFORE, the plaintiff demands judgment against the defendant for the above-described damages, equitable relief to correct listing in credit reports, costs, and attorneys' fees.

### JURY CLAIM

The plaintiffs request a jury trial on all claims herein.

Respectfully submitted,
Attorneys for the Plaintiff,

KJC Law Firm, LLC

_____
TIMOTHY WILTON
BBO # 530120
18 Tremont Street
Suite 903
Boston, MA 02108
(617)720-8447
twilton@KJCLawFirm.com

4